```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America,         :

       Plaintiff,                :

    v.                            :        Case No. 2:12-cv-1034

John D. Allen, individually and   :        JUDGE GEORGE C. SMITH
doing business as                          Magistrate Judge Kemp
Allen & Associates,               :

       Defendants.

## OPINION AND ORDER

    This matter is before the Court to consider a motion to compel responses to discovery requests filed by Plaintiff the United States of America.  (Doc. #20).  For the following reasons, the motion to compel will be granted.

### I.  Background

    In its motion, the United States moves to compel Defendant John D. Allen to respond to its first set of interrogatories and requests for production of documents, first set of requests for admission, and second set of interrogatories.  The United States asserts that Mr. Allen has not provided the requested discovery despite multiple requests.  According to the United States, Mr. Allen did not respond to its first set of interrogatories and requests for production of documents, aside from sending its counsel two "frivolous, undated" letters.  Id. at 1-2.  As to the requests for admission and interrogatories, the United States contends that Mr. Allen "wrote on each: 'Request Denied.  Please leave me alone!'".  Id. at 2.  The United States asserts that Mr. Allen did not otherwise respond to the request but instead "enclosed a portion of a post from an internet website."  Id.

    On June 25, 2013, the United States filed its motion to compel and attached copies of its discovery requests.   Mr. Allen

has not filed an opposition to the motion to compel.

## II. Discussion

As an initial matter, the Court notes that S.D. Ohio Civ. R. 37.1, which supplements the procedures mandated by Fed. R. Civ. P. 37, provides that discovery-related motions shall not be filed unless all extrajudicial means to resolve the differences have been exhausted. Once such extrajudicial means are exhausted, a party may then seek an informal telephone conference with the Court. See Watson v. Citi Corp., No. 2:07-cv-0777, 2008 WL 3890034, at *2 (S.D. Ohio Aug. 19, 2008). If, after the informal telephone conference, the dispute remains unresolved, the party seeking the discovery may then file a motion to compel pursuant to Fed. R. Civ. P. 37(a). See S.D. Ohio Civ. R. 37.2. The motion to compel shall be accompanied by a supporting memorandum and a certification informing the Court of the extrajudicial means that have been attempted to resolve the dispute. See id.

Here, the United States contends that it has made a good faith effort to resolve the discovery dispute without judicial intervention and Mr. Allen has responded only with frivolous correspondence. According to the United States, "Allen's repeated refusal to participate in discovery and other court-ordered requirements (namely, preparing a Rule 26(f) Report and the scheduling conference) indicates that extrajudicial means of resolving disputes will likely be futile." (Doc. #20 at 1). In support of the motion, the United States attached a declaration of attorney Daniel Applegate which outlines the efforts it has undertaken to obtain the requested discovery. Id. at Ex. 1. The Court finds that the efforts of the United States constitute an attempt to resolve the discovery dispute through extrajudicial means and, accordingly, it will consider the motion to compel on its merits.

The general principles involving the proper scope of

discovery are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery.  See United States v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976), cert. denied 430 U.S. 945, 97 S. Ct. 1579, 51 L. Ed.2d 792 (1977). Therefore, Fed. R. Civ. P. 26 is to be construed liberally in favor of allowing discovery.  See Dunn v. Midwestern Indem., 88 F.R.D. 191, 195 (S.D. Ohio 1980).  Any matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered. The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 500 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed.2d 253 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635, 60 L. Ed.2d 115 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors

3

such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed. R. Civ. P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'" Guinn v. Mount Carmel Health Sys., No. 2:09-cv-226, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010), quoting Clumm v. Manes, Case No. 2:08-cv-567 (S.D. Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., No. 3:05-cv-169, 2008 WL 4934007 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted). When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. See Vickers v. General Motors Corp., No.07-2172, 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008).

Here, the relevance of the discovery requests is apparent, given that the United States brought this action seeking to enjoin Mr. Allen from, among other activities, preparing federal tax returns for others, promoting any plan or arrangement that

such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed. R. Civ. P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'" Guinn v. Mount Carmel Health Sys., No. 2:09-cv-226, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010), quoting Clumm v. Manes, Case No. 2:08-cv-567 (S.D. Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., No. 3:05-cv-169, 2008 WL 4934007 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted). When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. See Vickers v. General Motors Corp., No.07-2172, 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008).

Here, the relevance of the discovery requests is apparent, given that the United States brought this action seeking to enjoin Mr. Allen from, among other activities, preparing federal tax returns for others, promoting any plan or arrangement that

such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources. See Fed. R. Civ. P. 26(b)(2). Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules. Rule 26(b) now permits discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...." Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action." Id.

There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'" Guinn v. Mount Carmel Health Sys., No. 2:09-cv-226, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010), quoting Clumm v. Manes, Case No. 2:08-cv-567 (S.D. Ohio May 27, 2010) (King, J.); see also Berryman v. Supervalu Holdings, Inc., No. 3:05-cv-169, 2008 WL 4934007 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information.") (internal citation omitted). When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. See Vickers v. General Motors Corp., No.07-2172, 2008 WL 4600997, *2 (W.D. Tenn. September 29, 2008).

Here, the relevance of the discovery requests is apparent, given that the United States brought this action seeking to enjoin Mr. Allen from, among other activities, preparing federal tax returns for others, promoting any plan or arrangement that

advises or helps taxpayers to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, and engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of internal revenue laws.  (Doc. #1).  Consequently, Mr. Allen bears the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm.  Mr. Allen has offered no reason for his failure to provide discovery, has not provided any specific objection to any discovery request, and has not opposed the motion to compel. Accordingly, Mr. Allen has not made the requisite showing.  Based on the foregoing, the motion to compel will be granted and Mr. Allen will be directed to provide the requested discovery to the United States within fourteen days.

    Finally, Mr. Allen is cautioned that Rule 37(b)(2)(A) authorizes the imposition of sanctions, including granting a default judgment if a party fails to obey an order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(a)(v).  That type of sanction is "the sanction of last resort." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994); Gray Cas. & Sur. Co. v. Holton, No.09-2840AV, 2011 WL 679930, *2 (W.D Tenn. Jan. 18, 2011).  In determining whether to impose such a sanction, courts consider: "(1) whether the party acted with willfulness, bad faith or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or considered." Holton, 2011 WL 679930 at *2, citing Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995); Bank One of Cleveland,

N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990).  Mr. Allen is hereby warned that his failure to provide discovery responses could result in the imposition of sanctions, including the entry of a deault judgment against him.

### III. Conclusion

For the reasons set forth above, the motion to compel responses to discovery requests filed by Plaintiff the United States of America is granted (Doc. #20).  Mr. Allen shall provide the requested discovery to the United States within fourteen days.

### IV. Procedure on Objections

Any party may, within fourteen days after this Opinion and Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the Order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Opinion and Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp  
United States Magistrate Judge