```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,            :

       Plaintiff,                   :

   v.                                 :       Case No. 2:12-cv-1034

John D. Allen, individually and      :       JUDGE GEORGE C. SMITH
doing business as                            Magistrate Judge Kemp
Allen & Associates,                  :

       Defendants.

OPINION AND ORDER

This matter is before the Court on a motion for sanctions filed by Plaintiff the United States of America. (Doc. #34). For the following reasons, the motion will be denied to the extent a default judgment is sought, but granted to the extent that Mr. Allen will be directed to provide further responses to discovery.

I. Background

In its motion, the United States moves for sanctions against Defendant John D. Allen based on his alleged failure to comply with this Court's order compelling him to respond to interrogatories and requests for production of documents. The United States asserts that Mr. Allen has not provided the requested discovery despite multiple requests and this Court's order. Consequently, the United States seeks an entry of default against Mr. Allen as a sanction. Mr. Allen has not filed an opposition to the motion for sanctions.

II. Discussion

Fed. R. Civ. P. 37(b) authorizes sanctions for a party's failure to obey an order requiring discovery. The strongest sanction available to address discovery abuses is the entry of a default judgment against a defendant or an order of dismissal

against a plaintiff. See Quinn v. Kennedy, No. 1:07-cv-1036, 2008 WL 4145445, at *1 (W.D. Mich. Aug. 20, 2008)(citing Grange Mut. Cas. Co. v. Mack, 270 F. App'x 372, 376 (6th Cir. 2008)). In the Sixth Circuit, courts are to consider four factors including "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered." Id. (citing Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)).

As this Court found in its previous opinion and order, the relevance of the requested discovery is apparent, given that the United States brought this action seeking to enjoin Mr. Allen from, among other activities, preparing federal tax returns for others, promoting any plan or arrangement that advises or helps taxpayers to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, and engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of internal revenue laws. (Doc. #1).  Consequently, the Court found that Mr. Allen bore the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm.  To that end, Mr. Allen has provided an explanation for his failure to produce documents and has made several objections to the interrogatories.  The Court now examines Mr. Allen's arguments.

1. Document Requests

With respect to the document requests numbered 1 through 7, Mr. Allen responded by handwriting "NONE" in response to each

request.  The United States argues against Mr. Allen's position that he does not have any responsive documents, stating that it already possesses "a limited number of documents, obtained from Allen's customers . . . which bore Allen's signature or to which were appended post-it notes bearing Allen's handwriting, name, or signature." (Doc. #34 at 3).  The United States asserts that "Allen likely has many other similar documents, related to these and other customers, which are responsive to these document requests." Id.  In essence, the United States argues that Mr. Allen has not made a good faith effort to produce documents in response to the request.

    Ordinarily, a party's representation that responsive documents no do not exist is sufficient absent credible evidence that the representation is inaccurate.  See Brown v. Tellermate Holdings, Ltd., No. 2:11-cv-1122, 2013 WL 1363738, at *6 (S.D. Ohio Apr. 3, 2013)(citing Alexander v. F.B.I., 194 F.R.D. 299, 301 (D.D.C. 2000)).  Consequently, the United States has the burden to demonstrate that such documents indeed exist and are being improperly withheld.  See id.  Here, the United States has not satisfied that burden.  The fact that Mr. Allen's customers may have documents responsive to the discovery requests is not evidence that Mr. Allen maintained responsive documents.  Thus, the Court will not award the United States sanctions based upon Mr. Allen's failure to produce documents in response to document requests numbered 1 through 7.

    Document requests 8 and 9, and Mr. Allen's objections to those requests, are as follows

    8.    All documents identified in your response to the interrogatories served upon you.

        Objection: over burdensome.

    9.    All documents which support the factual contentions in your Answer to the Complaint.

> Objection: over burdensome and not possible.

(Doc. #34, Ex. 3 at 17). The United States argues that Mr. Allen's objections are untimely and waived.

Pursuant to Fed. R. Civ. P. 34, a party objecting to document requests must make such an objection within thirty days after being served with the request. Fed. R. Civ. P. 34(b)(2). Thus, this Court agrees that Mr. Allen's objections are untimely. Even if the objections were timely, however, the Court is unconvinced that documents exist which would be responsive to the requests. With respect to document request number 8, Mr. Allen did not provide substantive responses to the interrogatories. Instead, Mr. Allen objected to each interrogatory and relied upon various statutes as the basis for each objection. Similarly, as to document request number 9, Mr. Allen did not set forth any "factual contentions" in his answer as described by the request. To the extent that any documents responsive to requests 8 and 9 indeed exist, Mr. Allen may not withhold them based upon his objections. Rather, the Court will order Mr. Allen to produce any documents responsive to those requests within twenty-eight days of the issuance of this opinion and order.

### 2. <u>Interrogatories</u>

In the motion for sanctions, the United States argues that Mr. Allen "refused to answer any of the interrogatories, instead asserting incoherent objections." (Doc. #34 at 3-4). The first set of interrogatories, and Mr. Allen's responses to them, are as follows

> 1. Identify all Customers for whom you or Allen & Associates filed, prepared, and/or signed Form 1040 federal income tax returns or Form 1040X amended federal income tax returns and for whom you or Allen & Associated [sic] advised or assisted with the preparation of Form 1040 federal income tax returns or Form 1040X amended federal income tax returns, from January 1, 2006 to the present. For each Customer, identify: the name of the

4

person who filed, prepared, and/or signed the federal tax return, whether it was you, your employee, an employee of Allen & Associates, or the Customer; the address, telephone number, and social security number or employer identification number of the individual or entity; and the tax year of the federal tax return(s).
ANSWER:
Objection: see 26 USC 7701(36)(B) and the Privacy Act.

2. Identify all Customers for whom you or Allen & Associates prepared and/or filed, or advised or assisted with the preparation and/or filing of, Forms 4852, Forms 1099-R, Forms W-2, or Forms W-4 with the IRS from January 1, 2006 to the present.  For each Customer, identify: the name of person who filed, prepared, and/or signed the Form 4852, Form 1099-R, Form W-2, or Form W-4, whether it was you, your employee, or an employee of Allen & Associates, or the Customer; the address, telephone number, and social security number or employer identification number of the individual or entity; and the tax year of the Form 4852, Form 1099-R, Form W-2, or Form W-4.

ANSWER:
Objection: see 26 USC 7701(36)(B) + Privacy Act.

3. Identify all individuals or entities to whom or to which you or Allen & Associates marketed, promoted, or sold the tax arrangements described in the Complaint and identified as "Scheme 1: Tax Returns Reporting 'None' for Income and Tax," "Scheme 2:  Tax Returns Reporting Bogus Itemized Deductions to Offset Income," and "Scheme 3: Frivolous Amended Tax Returns Claiming That Wages Are Non-Taxable," since January 1, 2006, whether or not they participated in the tax arrangement or whether or not you or Allen & Associates filed, prepared, and/or signed federal tax returns.  For each individual or entity, identify: which arrangement you or Allen & Associates marketed, promoted, or sold to the individual or entity; when you or Allen & Associates marketed, promoted, or sold the program, product, or arrangement to the individual or entity; the documents provided to the individual or entity; the name of the person who marketed, promoted, or sold the arrangement, product, or arrangement [sic]; and the address, telephone number, [sic] and the name, address, phone number, and email address of the individuals or entities to whom you or Allen & Associates marketed, promoted, or sold the

5

program, product, or arrangement.

ANSWER:
Objection: see 26 USC 7701(36)(B) + Privacy Act.

4. Identify all of your employees and employees of Allen & Associates from January 1, 2006 to the present. Include their name, home address, telephone, position(s) at Allen & Associates, duties performed for you or in their position(s) at Allen & Associates, and dates of employment for you or at Allen & Associates.

ANSWER:
Objection: see Privacy Act and U.S. + Ohio constitutions.

5. Identify all partners, shareholders, managers, and/or directors of Allen & Associates from January 1, 2006 to the present. Include their name, home address, telephone, position(s) at Allen & Associates and dates each person held such position.

ANSWER:
Objection: see #4.

6. Identify your most recent employer(s), including the positions that you have held since January 1, 2006, and your duties in each position.

ANSWER:
Objection: see #4.

7. Describe in detail the ownership and managerial structure of Allen & Associates, including all positions that you have held at Allen & Associates, and the duties and responsibilities for each position you have held. Include the dates that you held each position and, if you oversaw employees in any position, the names and positions of the employees acting under your authority.

ANSWER:
Objection: see #4.

8. Describe how you and/or Allen & Associates were compensated for filing, preparation, and/or signing of federal tax returns for Customers from January 1, 2006 to the present. For each Customer for whom you and/or Allen & Associates filed, prepared, signed, and/or advised or assisted with the preparation of federal tax returns

since January 1, 2006, your answer should include the amount of payment received, a description of the services provided for such payment, how you calculated such payment, and when the individual or entity made the payment.

ANSWER:
Objection: see 26 USC 7701(36)(B), Privacy Act + U.S. + Ohio constitutions.

9. Identify any and all steps you have taken to determine whether the federal tax returns filed, prepared, signed by you or Allen & Associates, and tax returns which you or Allen & Associates advised or assisted with the preparation of, described in interrogatory number 1 above, are lawful, including the name of any publication you have consulted, the specific relevant information or opinions contained in the publication, the identity of any person with whom you have conferred, the specific information or opinions provided by that person, any job titles held by that person, and the basis of that person's knowledge.

ANSWER:
Objection: see #8.

10. Describe in detail how you learned to prepare returns utilizing tax arrangements described in the Complaint and identified as "Scheme 1: Tax Returns Reporting 'None' for Income Tax," "Scheme 2: Tax Returns Reporting Bogus Itemized Deductions to Offset Income," and "Scheme 3: Frivolous Amended Tax Returns Claiming That Wages Are Non-Taxable," including identifying the individuals, entities, publications, software, promotional materials, or other tax law or tax preparation material you consulted.

ANSWER:
Objection: see #8.

11. Identify by date, type of communication, location (if it occurred in person), and name and contact information of the Customer on whose behalf you were communicating, all instances in which you have communicated with any IRS employee relating to your and/or Allen & Associates's preparing, filing, and/or signing of federal tax returns, and your advising and assisting with the preparation of federal tax returns, since January 1, 2006.

7

>    ANSWER:
>    Objection: see #8.
>
>    12. Please describe in detail all education or training you have received on the subject of federal income taxation.
>
>    ANSWER:
>    Objection: see #8.

Id., Ex. 3 at 5-14.  The "second set of interrogatories" consists of just one interrogatory.  That interrogatory, and Mr. Allen's response, are as follows

>    1. If you deny any of the United States' First Set of Requests for Admission to John Allen, for each denial and with supporting facts the basis for your denial.
>
>    ANSWER:
>    Objection: see 26 USC 7701 (36)(B), Privacy Act + U.S. + Ohio constitutions.

Id., Ex. 4 at 1. The United States argues, inter alia, that Mr. Allen's objections are untimely and waived.  This Court agrees.

At the outset, Mr. Allen failed to comply with Fed. R. Civ. P. 33(b)(2)'s requirement that he answer or object to the interrogatories within 30 days after service.  Thereafter, on August 19, 2003, this Court issued an opinion and order granting the motion to compel and ordering Mr. Allen to provide the requested discovery within fourteen days.  The United States did not receive Mr. Allen's responses to the discovery requests until October 10, 2013.  Although Mr. Allen filed an objection to the decision granting the motion to compel, which the Court overruled, the Court did not grant Mr. Allen any extension to respond pending resolution of any objections to the opinion and order.  When a party fails to make timely objections to interrogatory requests, those objections are deemed to have been waived.  See, e.g., Drutis v. Rand McNally & Co., 236 F.R.D. 325, 327 (E.D. Ky. 2006) (finding that plaintiffs waived any

8

objections by failing to make them in a timely fashion)(citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).  Here, Mr. Allen failed to raise timely objections to the interrogatories made by the United States.  Consequently, Mr. Allen waived those objections.

Even if it were to consider Mr. Allen's objections on their merits, the Court would overrule them.  Mr. Allen's objections are based upon 26 U.S.C. §7701(36)(B), the Privacy Act, and the United States and Ohio Constitutions.  As the United States argues, Mr. Allen does not explain how these authorities pertain to the interrogatories and why they provide a basis for withholding the requested information.  The United States explained this in its November 5, 2013 letter to Mr. Allen, again urging Mr. Allen to comply with his discovery obligations.  Fed. R. Civ. P. 26 is to be construed liberally in favor of allowing discovery, and any matter not privileged that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, can be discovered.  See Dunn v. Midwestern Indem., 88 F.R.D. 191, 194-95 (S.D. Ohio 1980).  Because the requested information is within the permissible scope of discovery, this Court will order Mr. Allen to provide interrogatory responses within twenty-eight days of the issuance of this opinion and order.

### III. Conclusion

From the outset of this litigation, Mr. Allen has continuously refused to participate meaningfully in discovery.  Although Mr. Allen is acting without counsel, this does not excuse him from producing discovery.  In re Family Resorts of Am., Inc., 972 F.2d 347 (Table), No. 91-4127, 1992 WL 174539, at *3 (6th Cir. July 24, 1992).  Mr. Allen is, therefore, ordered to produce the discovery as set forth herein within twenty-eight days of the issuance of this opinion and order.  At this

juncture, the Court will provide Mr. Allen an additional opportunity to respond and, consequently, the motion for sanctions is denied. (Doc. #34). This Court warns Mr. Allen for a second time that his failure to provide discovery responses could result in the imposition of sanctions including a default judgment under Fed. R. Civ. P. 37(b).

### IV. Procedure on Objections

Any party may, within fourteen days after this opinion and order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this order found to be clearly erroneous or contrary to law.

This opinion and order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge