```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:12-cv-1034 |
| John D. Allen, individually and doing business as Allen & Associates, | : : | JUDGE GEORGE C. SMITH Magistrate Judge Kemp |
| Defendants. | | |

OPINION AND ORDER

This matter is before the Court on a renewed motion for sanctions filed by Plaintiff the United States of America. (Doc. 39). For the following reasons, the motion will be granted, and a default will be entered as to Mr. Allen's liability.

I. Background

Over one year ago, on June 25, 2013, the United States filed a motion to compel Mr. Allen to respond to its first set of interrogatories and requests for production of documents, first set of requests for admission, and second set of interrogatories. (Doc. 20). The Court granted the motion and ordered Mr. Allen to provide the requested discovery to the United States within fourteen days. (Doc. 24). The Court also warned Mr. Allen that Rule 37(b)(2)(A) authorizes the imposition of sanctions, including granting a default judgment, if a party fails to obey an order to provide or permit discovery.

On December 17, 2013, the United States filed a motion for sanctions against Mr. Allen based on his failure to comply with this Court's order compelling him to respond to interrogatories and requests for production of documents. (Doc. 34). In that motion, the United States asserted that Mr. Allen had not provided the requested discovery despite multiple requests and

this Court's order.  Consequently, the United States sought an entry of default against Mr. Allen as a sanction.  Mr. Allen did not file an opposition to that motion for sanctions.

In its Opinion and Order on the motion for sanctions issued on March 5, 2014 (Doc. 35), the Court first considered the document requests numbered 1 through 7.  The Court found that, in response to Mr. Allen's claim that he had no responsive documents, the United States failed to satisfy its burden of demonstrating that the requested documents indeed existed and were being improperly withheld.  Consequently, the Court did not award sanctions for Mr. Allen's failure to produce documents in response to those requests.

As to the document requests numbered 8 and 9, the Court found that Mr. Allen's objections to those requests were untimely.  The Court noted, however, that even if the objections were timely, Mr. Allen could not withhold production of responsive documents based upon those objections.  Consequently, the Court ordered Mr. Allen to produce any documents responsive to those requests within twenty-eight days of the issuance of the Opinion and Order.

Next, the Court found that Mr. Allen failed to make timely objections to the interrogatories.  The Court noted again, however, that even if it were to consider Mr. Allen's objections on their merits, it would overrule them.  Accordingly, the Court ordered Mr. Allen to provide the interrogatory responses within twenty-eight days of the issuance of the Opinion and Order.  For purposes of reference, the Court notes that it ordered Mr. Allen to produce adequate discovery responses to the following interrogatories:

> 1. Identify all Customers for whom you or Allen & Associates filed, prepared, and/or signed Form 1040 federal income tax returns or Form 1040X amended federal income tax returns and for whom you or Allen & Associated

[sic] advised or assisted with the preparation of Form 1040 federal income tax returns or Form 1040X amended federal income tax returns, from January 1, 2006 to the present. For each Customer, identify: the name of the person who filed, prepared, and/or signed the federal tax return, whether it was you, your employee, an employee of Allen & Associates, or the Customer; the address, telephone number, and social security number or employer identification number of the individual or entity; and the tax year of the federal tax return(s).

2. Identify all Customers for whom you or Allen & Associates prepared and/or filed, or advised or assisted with the preparation and/or filing of, Forms 4852, Forms 1099-R, Forms W-2, or Forms W-4 with the IRS from January 1, 2006 to the present. For each Customer, identify: the name of person who filed, prepared, and/or signed the Form 4852, Form 1099-R, Form W-2, or Form W-4, whether it was you, your employee, or an employee of Allen & Associates, or the Customer; the address, telephone number, and social security number or employer identification number of the individual or entity; and the tax year of the Form 4852, Form 1099-R, Form W-2, or Form W-4.

3. Identify all individuals or entities to whom or to which you or Allen & Associates marketed, promoted, or sold the tax arrangements described in the Complaint and identified as "Scheme 1: Tax Returns Reporting 'None' for Income and Tax," "Scheme 2: Tax Returns Reporting Bogus Itemized Deductions to Offset Income," and "Scheme 3: Frivolous Amended Tax Returns Claiming That Wages Are Non-Taxable," since January 1, 2006, whether or not they participated in the tax arrangement or whether or not you or Allen & Associates filed, prepared, and/or signed federal tax returns. For each individual or entity, identify: which arrangement you or Allen & Associates marketed, promoted, or sold to the individual or entity; when you or Allen & Associates marketed, promoted, or sold the program, product, or arrangement to the individual or entity; the documents provided to the individual or entity; the name of the person who marketed, promoted, or sold the arrangement, product, or arrangement [sic]; and the address, telephone number, [sic] and the name, address, phone number, and email address of the individuals or entities to whom you or Allen & Associates marketed, promoted, or sold the program, product, or arrangement.

4. Identify all of your employees and employees of Allen & Associates from January 1, 2006 to the present. Include their name, home address, telephone, position(s) at Allen & Associates, duties performed for you or in their position(s) at Allen & Associates, and dates of employment for you or at Allen & Associates.

5. Identify all partners, shareholders, managers, and/or directors of Allen & Associates from January 1, 2006 to the present.  Include their name, home address, telephone, position(s) at Allen & Associates and dates each person held such position.

6. Identify your most recent employer(s), including the positions that you have held since January 1, 2006, and your duties in each position.

7. Describe in detail the ownership and managerial structure of Allen & Associates, including all positions that you have held at Allen & Associates, and the duties and responsibilities for each position you have held. Include the dates that you held each position and, if you oversaw employees in any position, the names and positions of the employees acting under your authority.

8. Describe how you and/or Allen & Associates were compensated for filing, preparation, and/or signing of federal tax returns for Customers from January 1, 2006 to the present.  For each Customer for whom you and/or Allen & Associates filed, prepared, signed, and/or advised or assisted with the preparation of federal tax returns since January 1, 2006, your answer should include the amount of payment received, a description of the services provided for such payment, how you calculated such payment, and when the individual or entity made the payment.

9. Identify any and all steps you have taken to determine whether the federal tax returns filed, prepared, signed by you or Allen & Associates, and tax returns which you or Allen & Associates advised or assisted with the preparation of, described in interrogatory number 1 above, are lawful, including the name of any publication you have consulted, the specific relevant information or opinions contained in the publication, the identity of any person with whom you have conferred, the specific information or opinions provided by that person, any job titles held by that person, and the basis of that

person's knowledge.

10. Describe in detail how you learned to prepare returns utilizing tax arrangements described in the Complaint and identified as "Scheme 1: Tax Returns Reporting 'None' for Income Tax," "Scheme 2: Tax Returns Reporting Bogus Itemized Deductions to Offset Income," and "Scheme 3: Frivolous Amended Tax Returns Claiming That Wages Are Non-Taxable," including identifying the individuals, entities, publications, software, promotional materials, or other tax law or tax preparation material you consulted.

11. Identify by date, type of communication, location (if it occurred in person), and name and contact information of the Customer on whose behalf you were communicating, all instances in which you have communicated with any IRS employee relating to your and/or Allen & Associates's preparing, filing, and/or signing of federal tax returns, and your advising and assisting with the preparation of federal tax returns, since January 1, 2006.

12. Please describe in detail all education or training you have received on the subject of federal income taxation.

* * *

1. If you deny any of the United States' First Set of Requests for Admission to John Allen, for each denial and with supporting facts the basis for your denial.

Based on the foregoing, the Court denied the motion for sanctions to the extent that it sought a default judgment, but granted it to the extent that it sought further responses to discovery.

In response to this Court's order, Mr. Allen filed a document entitled "Defendant's Discovery Responses." That document provides the following:

As to Plaintiff's interrogatories, Mr. Allen has **not ever** "filed, prepared and/or signed" any federal income tax forms for anyone. Such forms simply do not exist!

5

> Mr. Allen has not ever promoted any "tax schemes" as alleged by Plaintiff. Such "tax schemes" simply do not exist!
>
> The only thing Mr. Allen has done, which is not illegal and has been accepted by the IRS, is agreed to be the power of attorney for 2 or 3 of his friends in order to help them with their tax matters to the best of Mr. Allen's ability.

(Doc. 37 at 1). In addition, Mr. Allen states that all of his legal materials had been confiscated and, consequently, he is unable to send his responses to the government's counsel. Finally, Mr. Allen "prays that this will end the malicious and unfounded harassment and intimidation being inflicted by Plaintiff and its attorneys." Id.

In response to Mr. Allen's claim that all of his legal materials had been confiscated, the United States filed "a notice of mailing documents" on March 31, 2014. (Doc. 38). In that notice, the United States stated that it mailed the following documents to Mr. Allen: (1) the United States' First Set of Interrogatories and Requests for Production of Documents; (2) the United States' Second Set of Interrogatories; (3) Mr. Allen's responses to the interrogatories and requests for production of documents; and (4) the Court's March 5, 2014 Opinion and Order.

On May 8, 2014, the United States filed its renewed motion for sanctions. The United States again seeks the entry of a default judgment against Mr. Allen based upon his failure to comply with the second order requiring him to respond adequately to its interrogatories. Mr. Allen has not responded to the renewed motion.

## II. Discussion

This Court set forth the legal standard relevant to a motion for sanctions in its previous Opinion and Order. Stated again for purposes of reference, Fed.R.Civ.P. 37(b) authorizes sanctions for a party's failure to obey an order requiring

6

discovery.  The strongest sanction available to address discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff.  <u>See Quinn v. Kennedy</u>, 2008 WL 4145445,*1 (W.D. Mich. Aug. 20, 2008), citing <u>Grange Mut. Cas. Co. v. Mack</u>, 270 F. App'x 372, 376 (6th Cir. 2008).  In the Sixth Circuit, courts are to consider four factors including "(1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered."  <u>Id</u>., citing <u>Freeland v. Amigo</u>, 103 F.3d 1271, 1277 (6th Cir. 1997).

    Here, all four factors weigh heavily in favor of the entry of a default as to Mr. Allen's liability.  Turning to the first factor, Mr. Allen has repeatedly violated this Court's discovery orders and failed to provide adequate responses to the discovery.  As this Court observed in its March 5, 2014 Opinion and Order, Mr. Allen has continuously refused to participate meaningfully in discovery from the outset of this litigation.  This Court reiterates that, although Mr. Allen is acting without counsel, this does not excuse him from producing discovery.  <u>See In re Family Resorts of Am., Inc.</u>, 1992 WL 174539, *3 (6th Cir. July 24, 1992).  Further, this Court has not been presented with any argument or evidence suggesting that Mr. Allen is unable to comply with the discovery requests.  Simply stated, Mr. Allen has provided no legitimate basis for his failure to comply.  Because Mr. Allen's continued course of conduct can only be characterized as wilful, the Court finds that the first factor weighs heavily in favor of the entry of a default as to Mr. Allen's liability.

    Second, the United States has suffered prejudice.  More specifically, Mr. Allen's failure to provide adequate responses to the requested discovery has deprived the United States of information that would allow it to pursue its claims.  For

example, the United States notes that it has been deprived of the information "necessary to identify Allen's customers, who likely have information relevant to Allen's activities alleged in the complaint." (Doc. 39 at 3). For these reasons, the Court finds that the second factor also weighs heavily in favor of the entry of a default as to Mr. Allen's liability.

Third, this Court has warned Mr. Allen twice that his failure to cooperate could result in sanctions, including the entry of a default judgment against him. Mr. Allen has nevertheless failed to comply with this Court's orders. Consequently, the third factor also weighs heavily in favor of the entry of a default as to Mr. Allen's liability.

Finally, this Court has considered and imposed less drastic sanctions, and Mr. Allen has continued his failure to comply. It has been over a year since the United States first filed a motion with respect to Mr. Allen's refusal to participate in the discovery process. At this juncture, it is logical to conclude that any further order to compel Mr. Allen to participate would be fruitless.

Based on the foregoing, the Court will grant the renewed motion for sanctions. This Court is mindful that the entry of a default is a strong sanction that should be utilized only in extreme cases. However, under these circumstances, the Court finds that the appropriate sanction is to strike Mr. Allen's answer and enter a default as to liability. Accordingly, the well-pleaded factual allegations of the complaint pertaining to liability will be taken as true. See Microsoft Corp. v. Computer Care Ctr., 2008 WL 4179653, *6 (E.D.N.Y. Sept. 10, 2008). Whether the facts in the complaint indeed are well-pleaded or support the entry of a judgment for injunctive and other relief is a separate matter for the consideration by the District Judge. See id. That issue may be preserved by way of a motion for judgment on the complaint.

### III. Conclusion

Based upon the foregoing, the renewed motion for sanctions filed by the United States (Doc. 39) is granted.  Pursuant to Fed.R.Civ.P. 37(b)(2)(A), a default is entered as to Mr. Allen's liability.  Consequently, the complaint in this case stands as undisputed, and the answer shall be stricken.  Whether the facts in the complaint are well-pleaded or support the entry of a judgment for injunctive and other relief is a separate matter for the consideration by the District Judge.

### IV. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp  
United States Magistrate Judge