UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                  Case No. 2:12-cv-1034
                                     JUDGE SMITH
JOHN D. ALLEN, individually and d/b/a        Magistrate Judge Kemp
ALLEN & ASSOCIATES,

      Defendant.

## OPINION AND ORDER

This matter is before the Court upon Plaintiff United States of America's Motion for Default Judgment (Doc. 41). Defendant John Allen has not filed a response. After reviewing the arguments presented by the United States, as well as the overall record of these proceedings, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

### I.    BACKGROUND

In November 2012, Plaintiff United States of America ("Plaintiff") initiated this action pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, against Defendant John Allen ("Defendant"), individually and doing business as Allen & Associates, seeking to enjoin him from, among other activities, preparing federal tax returns for others, promoting any plan or arrangement that advises or helps taxpayers to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, and engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws. (*See* Doc. 1, Compl.). Defendant filed an Answer to

the Complaint denying the allegations.  (*See* Doc. 3, Answer (subsequently stricken by Doc. 40, Order)).  He also filed two motions to dismiss—one on jurisdictional grounds and the other based on Plaintiff's alleged failure to state a claim upon which relief could be granted—which were both ultimately denied. (*See* Docs. 4 and 21, Mots. Dismiss; Docs. 14 and 29, Orders Denying Mots. Dismiss).

The record reflects the discovery issues that have plagued this case from the beginning. (*See* Doc. 20, Mot. Compel; Doc. 34, Mot. Sanctions; Doc. 39, 2d Mot. Sanctions).  In light of Defendant's continued refusal to adequately respond to Plaintiff's discovery requests, the Court granted Plaintiff's Second Motion for Sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.  *See United States v. Allen*, No. 2:12-CV-1034, 2014 WL 3530850.  After weighing the relevant factors, the Court found that striking Defendant's Answer from the record and entering default judgment in favor of Plaintiff—although harsh—was a necessary and appropriate sanction under the circumstances.  *See id.* at *5 (finding "all four factors weigh heavily in favor of the entry of a default as to Mr. Allen's liability").  The Court then explained the implications of its decision:

> [U]nder these circumstances, the Court finds that the appropriate sanction is to strike Mr. Allen's answer and enter a default as to liability. Accordingly, the well-pleaded factual allegations of the complaint pertaining to liability will be taken as true. . . . Whether the facts in the complaint indeed are well-pleaded or support the entry of a judgment for injunctive and other relief is a separate matter for the consideration by the District Judge. . . .  That issue may be preserved by way of a motion for judgment on the complaint.

*Id.* at *5-*6 (internal citations omitted).

Consequently, Plaintiff filed the Motion for Default Judgment now before the Court, asserting that it is entitled to judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  (*See* Doc. 41, Mot. Def. J.).  Defendant did not file a response.

## II. STANDARD OF REVIEW

As set forth above, the Court has already found Defendant in default pursuant to Rule 55(a). "Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true." *United States v. Cunningham*, No. 07-CV-212, 2009 WL 112831 (S.D. Ohio Jan. 15, 2009) (Black, J.). This is not to say, however, that every allegation relating to liability in the Complaint is deemed true; facts not established by the pleadings, claims which are not well-pleaded, and unsupported conclusions of law are not binding and cannot support a judgment. *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *see also In re Family Resorts of Am., Inc.*, 972 F.2d 347 (6th Cir. 1992) ("Upon entry of default, only those well-pleaded allegations relating to liability are taken as true."). Thus, an entry of default does not automatically entail judgment in Plaintiff's favor. *Nishimatsu*, 515 F.2d at 1206. Rather, the Court must review the pleadings as a whole to determine whether a "sufficient basis" exists entitling Plaintiff to judgment pursuant to Rule 55(b). *Id*.

## III. DISCUSSION

Plaintiff moves for default judgment on all of its claims. Plaintiff argues that after all well-pleaded allegations in the Complaint are taken as true, the Court can find only in Plaintiff's favor, and that judgment as a matter of law is warranted and appropriate.

The Court has, for all intents and purposes, already addressed this issue. In its October 22, 2013 Order Denying Defendant's Motion to Dismiss, the Court stated:

> In this matter, the United States seeks to enjoin Defendant from engaging in a variety of conduct that interferes with the enforcement of the internal revenue law. *In particular, the United States' Complaint sets forth sufficiently detailed factual allegations of Defendant's conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700, and 6701*. The United States alleges that Defendant continually and repeatedly prepared federal tax returns that understated his customers' tax

> liabilities as a result of unreasonable and frivolous claims; that Defendant did not sign or otherwise identify himself as the preparer of tax returns that he prepared for his customers; that Defendant organized or assisted with the organization of a plan or arrangement and in doing so made or caused another person to make false and fraudulent statements with respect to the tax benefits of participating in the plan or arrangement which Defendant knew or had reason to know were false; and that Defendant prepared and/or aided or assisted in the preparation and filing of federal income tax returns and other documents that he knew would result in the understatement of his customers' tax liabilities. *Because the United States has set forth factual allegations that, if true, would entitle it to relief,* Defendant's argument that the Complaint fails to allege a claim upon which relief can be granted is unpersuasive.

(Doc. 29, Order Denying MTD at 5-6) (emphasis added).  For purposes of completeness, however, the Court will briefly review each of Plaintiff's causes of action once again.

**A.     Injunction Pursuant to 26 U.S.C. § 7407**

26 U.S.C. § 7407 allows the Court to grant an injunction against a tax return preparer from further engaging in (1) "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws" or (2) conduct subject to penalty under section 6694 or 6695 if necessary and appropriate to "prevent the recurrence of such conduct." Section 6694 states that, in preparing tax returns, tax preparers shall not willfully understate tax liabilities, recklessly or intentionally disregard rules or regulations, or understate tax liability due to an unreasonable position.  Section 6695 assesses a penalty for tax preparers who fail to sign a tax return that they have prepared.  If the Court finds a broader injunction, i.e. one that enjoins an individual from "acting as a tax return preparer" in general, is necessary, the Court may so order if it finds that the preparer "continually or repeatedly engaged" in the fraudulent or deceptive conduct and that a narrower injunction would be futile.  *See* 26 U.S.C. § 7407.

Accepting as true all well-pleaded factual allegations set forth in the Complaint, the Court finds Plaintiff is entitled to default judgment against Defendant as to this cause of action.  The detailed allegations in the Complaint establish that Defendant prepared several tax returns on

4

behalf of others in which he falsely claimed that they did not earn any taxable income based on unreasonable theories and a reckless disregard for IRS rules and regulations. (*See, e.g.*, Doc. 1, Compl. at ¶¶ 10-17). Plaintiff does not rely on general accusations or legal conclusions; instead, Plaintiff details the various schemes utilized by Defendant and provides specific examples of his fraudulent conduct. (*See, e.g., id*. at ¶¶ 17, 19, 20, 23, 24, 27-29, 32). Finally, the Court notes that the IRS identified hundreds of returns that Defendant prepared in contravention of the IRS rules and regulations—a course of conduct that could only be described as "continual or repeated." (*Id*. at ¶¶ 14, 36).

Based on these well-pleaded factual allegations, the Court finds Plaintiff has set forth a sufficient basis in the pleadings warranting default judgment. Plaintiff's motion as to Count I is therefore well-taken.

**B.     Injunction Pursuant to 26 U.S.C. § 7408**

26 U.S.C. § 7408 allows a court to enjoin an individual from engaging in conduct prohibited by sections 6700 and 6701 if doing so is "appropriate to prevent recurrence of such conduct." Section 6700 precludes an individual from organizing a plan or arrangement and subsequently making or causing another person to make "statement[s] with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter." Section 6701 assesses a penalty for any individual who aids, assists, or advises with respect to the preparation of any material portion of a tax return and knowingly understates another's tax liability.

Taking all allegations in the Complaint as true, the Court finds Plaintiff is entitled to injunctive relief based on Defendant's conduct in contravention of sections 6700 and 6701. The well-pleaded factual allegations illustrate how Defendant aided, advised, and assisted others in preparing their tax returns in a plan designed to vastly understate their tax liabilities. (*See, e.g.*, Doc. 1, Compl. at ¶¶ 21-24). Defendant did this knowing, or at least with reason to believe, that the IRS would materially rely on these false statements in issuing its returns. (*Id.* at ¶ 59). Further, in light of Defendant's numerous fraudulent filings as well as a lack of any accountability or acknowledgement of impropriety on Defendant's part, the Court finds injunctive relief is appropriate to "prevent recurrence of such conduct." 26 U.S.C. § 7408. Accordingly, the Court finds Plaintiff's well-pleaded allegations warrant default judgment in its favor as to Count II.

**C.     Injunction Pursuant to 26 U.S.C. § 7402**

26 U.S.C. § 7402 is essentially a catch-all provision that grants federal district courts the authority to issue any remedy that may be necessary and appropriate "for the enforcement of the internal revenue laws." Plaintiff asserts the Court should exercise its authority in this case for several reasons: (1) Defendant substantially interfered with the enforcement of internal revenue laws by "promoting his tax-fraud schemes and preparing fraudulent and frivolous federal tax returns and other documents on behalf of his customers"; (2) Defendant exploited his customers and subjected them to civil liability; (3) Defendant caused the IRS to expend a significant amount of money investigating, remediating, and prosecuting his tax-fraud schemes; and (4) it is likely that Defendant will continue to promote and administer these schemes absent a permanent injunction.

The Court finds Plaintiff's arguments well-taken.  Plaintiff's 21-page Complaint is replete with specific facts, details, and examples of Defendant's frivolous and fraudulent schemes, actions, and advice.  When accepted as true and read together, these well-pleaded allegations form a sufficient basis for the issuance of an injunction.   In promoting his various schemes, Defendant took advantage of his customers, blatantly disregarded the internal revenue laws, and cost the IRS significant amounts of time and money.  For these reasons, the Court finds it necessary and appropriate to enjoin Defendant from further engaging in these activities and interfering with the proper enforcement of the internal revenue laws in the future.  Accordingly, Plaintiff is entitled to default judgment as to Count III of its Complaint.

## IV.   CONCLUSION

For reasons set forth above, the Court finds that Plaintiff is entitled to default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure as to all counts set forth in the Complaint.  Plaintiff's motion is therefore **GRANTED**.

The Court specifically ORDERS that:

> A. Pursuant to 26 U.S.C. §§ 7402 and 7407, John D. Allen is enjoined from acting as a federal tax return preparer and from engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695;
>
> B. Pursuant to 26 U.S.C. §§ 7402 and 7408, John D. Allen is enjoined from engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701;
>
> C. Pursuant to 26 U.S.C. §§ 7402 and 7407, John D. Allen is permanently enjoined from acting as a federal tax return preparer and from preparing or filing federal tax returns or forms for others, from representing others before the IRS, and from advising or assisting anyone concerning federal tax matters.

D. Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, John D. Allen and anyone in active concert or participation with him are permanently enjoined from engaging in the conduct listed below, either directly or indirectly:

(1) Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return, amended return or other federal tax documents or forms for any other person or entity;

(2) Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or helps taxpayers to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the misuse of Internal Revenue Service Forms including Forms 1040, 1099, W-2, and W-4, under the false claims that his customers' wages do not qualify as income under 26 U.S.C. § 3401(a) or 26 CFR 1.861-8(f)(1);

(3) Engaging in conduct subject to penalty under 26 U.S.C. § 6694;

(4) Engaging in conduct subject to penalty under 26 U.S.C. § 6695, including failing to sign federal tax returns as the preparer or failing to otherwise identify himself as the paid preparer;

(5) Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making or furnishing a statement regarding the excludability of income or securing any other tax benefit that he knows or has reason to know is false or fraudulent as to any material matter;

(6) Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing or assisting in the preparation and filing of tax returns and other documents that understate the tax liabilities of others;

(7) Filing, providing forms for, or otherwise aiding or abetting the filing of frivolous Forms 1040, 1040X, 1099, W-2, W-4, and other IRS forms for himself or others;

(8) Filing, preparing notices or other forms, or otherwise aiding or abetting the filing of frivolous liens against the United States and its officers, employees, and agents;

(9) Representing anyone other than himself before the Internal Revenue Service;

(10) Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws.

In its Complaint, Plaintiff also requested this Court to order Defendant to "contact by mail and email all persons for whom he has prepared federal tax returns since 2006" and to "provide the United States a list of all persons for whom he has prepared federal tax returns since 2006." While the United States may engage in post-judgment discovery to ensure compliance with the terms of this Order and Judgment, the Court notes that Defendant is currently incarcerated and that these remedies may not be feasible. However, to the extent practicable, the Court orders Defendant to comply with Plaintiff's reasonable post-judgment remedial requests.

The Clerk shall remove Document 41 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                              */s/ George C. Smith*
                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**